FILED
2011 Nov-22  PM 01:39
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHWESTERN DIVISION

| | | |
|---|---|---|
| SAK MARINE CO., LLC, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Civil Action No. CV-11-S-3628-NW |
| | ) | |
| KLOSTER INDUSTRIAL ASSETS INC. d/b/a KCR AUCTIONS and PEOPLES NATIONAL BANK OF MORA, | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Sak Marine Co, LLC ("Sak"), originally filed this case in the Circuit Court for Lauderdale County, Alabama, on September 14, 2011, asserting claims for fraud in the inducement and breach of contract against defendants Kloster Industrial Assets, Inc., d/b/a KCR Auctions ("Kloster"), and Peoples National Bank of Mora ("Peoples Bank"). Both of plaintiff's claims arise out of plaintiff's purchase of certain assets owned by Peoples Bank during an online auction conducted by Kloster on June 14, 2011.[1]

Defendants jointly removed the case to this court on October 14, 2011, asserting federal jurisdiction based on satisfaction of the requirements of the diversity

---

[1] *See* Complaint, appended to doc. no. 1 (Notice of Removal).

statute, 28 U.S.C. § 1332.[2]  The case currently is before the court on Peoples Bank's

motion to dismiss plaintiff's claims for improper venue and lack of personal

jurisdiction,[3] and plaintiff's motion to transfer venue.[4]

By participating in the June 14, 2011 online auction, plaintiff agreed to certain

of Kloster's terms and conditions, including the following clause:

> All disputes relating to a KCR-Auctions online auction and the
> terms and conditions herein shall be governed by and interpreted in
> accordance with the laws of the State of Minnesota.  *All claims relating
> to a KCR Online auction and the terms and conditions herein shall be
> brought in District Court in Stearns County, Minnesota, and bidders
> hereby consent to the jurisdiction of said Court*.[5]

Based on that clause, Peoples Bank moves to dismiss plaintiff's complaint for

improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3).  *See* Fed. R.

Civ. P. 12(b)(3) ("[A] party may assert the following defenses by motion: . . . (3)

improper venue. . . .").[6]  *See also Slater v. Energy Services Group International, Inc.,*

---

[2] *See* Notice of Removal.  Section 1332 provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between — (1) citizens of different States . . . ." 28 U.S.C. § 1332(a)(1).  Plaintiff is a Georgia corporation, and both defendants are Minnesota corporations.  *See* Complaint, at ¶¶ 1-3.  Thus, the controversy is between citizens of different states. Further, the amount in controversy exceeds $75,000, as plaintiff's complaint requests at least $185,503 in damages.  *See* Complaint, at 5 (¶ 1 of damages clause); *id.* at 7 (¶ 1 of damages clause).

[3] Doc. no. 2. Kloster joined in Peoples Bank's motion.  *See* doc. no. 6.

[4] Doc. no. 9 (Plaintiff's Response to Defendant's Motion to Dismiss and Motion to Transfer). Peoples Bank responded to plaintiff's motion to transfer, *see* doc. no. 10, and Kloster joined in that response.  *See* doc. no. 11.

[5] Doc. no. 4 (Peoples Bank's evidentiary submission), Exhibit B (Affidavit of Vicky Lynn Ernst), at ¶¶ 6-17.  *See also* Ernst Affidavit, Exhibit 2, at 2 (emphasis supplied).

[6] *See* Fed. R. Civ. P. 12(b)(3) ("[A] party may assert the following defenses by motion:  . .

634 F.3d 1236, 1233 (11th Cir. 2011) ("Rule 12(b)(3) is the proper avenue for a party's request for dismissal based on a forum-selection clause.").  In the alternative, Peoples Bank requests the court to dismiss plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, because Peoples Bank asserts that it does not have a sufficient connection with the State of Alabama to justify the exercise of jurisdiction over it in an Alabama court.[7]

Plaintiff concedes that this court does not have personal jurisdiction over People's Bank.[8]  Plaintiff requests, however, that the case not be dismissed, but rather transferred to the United States District Court for the District of Minnesota.  Plaintiff bases its argument on 28 U.S.C. § 1404(a), which provides that:  "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action *to any other district or division where it might have been brought*" (emphasis supplied).  Plaintiff also relies on 28 U.S.C. § 1406(a), which provides that:  "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, *or if it be in the interest of justice,*

---

. (3) improper venue. . . ."). *See also Slater v. Energy Services Group International, Inc.,* 634 F.3d 1236, 1233 (11th Cir. 2011) ("Rule 12(b)(3) is the proper avenue for a party's request for dismissal based on a forum-selection clause.").

[7] *See* Fed. R. Civ. P. 12(b)(2) ("[A] party may assert the following defenses by motion:  . . . (2) lack of personal jurisdiction. . . .").

[8] Doc. no. 9, at 4 ("[T]he Northern District of Alabama is the wrong district for this case, as it lacks personal jurisdiction over Defendant.").

*transfer such case to any district or division in which it could have been brought.*"
(emphasis supplied).

Those statutory provisions are of no help to plaintiff, however, because plaintiff's claims could not have originally been brought in the United States District Court for the District of Minnesota. Plaintiff's transfer argument ignores the forum selection clause stating that: "All claims relating to a KCR Online auction . . . *shall* be brought in District Court in Stearns County, Minnesota. . . ."

> Forum-selection clauses are presumptively valid and enforceable unless the plaintiff makes a "strong showing" that enforcement would be unfair or unreasonable under the circumstances. *See Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 593-95, 111 S. Ct. 1522, 1527-28, 113 L. Ed.2d 622 (1991); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S. Ct. 1907, 1913, 32 L. Ed.2d 513 (1972). A forum-selection clause will be invalidated when: (1) its formation was induced by fraud or overreaching; (2) the plaintiff would be deprived of its day in court because of inconvenience or unfairness; (3) the chosen law would deprive the plaintiff of a remedy; or (4) enforcement of the clause would contravene public policy. *Lipcon*[ *v. Underwriters at Lloyd's, London*], 148 F.3d [1285, 1296 (11th Cir. 1998)] (citing *Shute*, 499 U.S. at 594-95, 111 S. Ct. at 1528).

*Krenkel v. Kerzner International Hotels, Ltd.*, 579 F.3d 1279, 1281 (11th Cir. 2009).

Plaintiff has not even attempted to make a showing that enforcing the forum selection clause would be unfair or unreasonable. To the contrary, it appears that plaintiff was fully informed about the clause and voluntarily agreed to it.[9]  Further, there is no

---

[9] *See* Ernst Affidavit, at ¶¶ 5-17.

indication that plaintiff would be deprived of any remedy if forced to bring the suit in Minnesota. In fact, plaintiff agrees that the Minnesota courts are the proper forum for its claims. Therefore, the forum selection clause will be enforced, and the only proper forum for plaintiff's claims is the District Court in Stearns County, Minnesota.

The statutes cited by plaintiff only permit transfer to another district court where the case could originally have been brought. *See* 28 U.S.C. §§ 1404(a), 1406(a). Because plaintiff could not originally have brought its claims in the United States District Court for the District of Minnesota, this court is without power to transfer the case to that district. Further, because the District Court in Stearns County, Minnesota, is a state court, not a federal district court,[10] this court lacks the power to transfer the case directly to that court. *See Pope v. Atlantic Coast Line R. Co.,* 345 U.S. 379, 384 (1953) ("Section 1404(a), by its very terms, speaks to federal courts; it addresses itself only to that federal forum in which a lawsuit has been initiated; its function is to vest such a federal forum with the power to transfer a transitory cause of action to a more convenient federal court. *It does not speak to state courts,* and it says nothing concerning the power of some court other than the forum where a lawsuit is initiated to enjoin the litigant from further prosecuting a

---

[10] *See* doc. no. 10 (Opposition to Motion to Transfer), at Exhibit 1 (printout from Minnesota Judicial Branch website) ("Most cases begin in Minnesota's District Courts. . . . As of July 1st, 2005, all of the District Courts are funded by the state.").

transitory cause of action in some other jurisdiction.") (emphasis supplied).  The only available remedy for plaintiff's improper selection of a venue is to dismiss the case and allow plaintiff to refile it in the proper court.

In accordance with the foregoing, plaintiff's motion to transfer venue is DENIED.  Defendant's motion to dismiss for improper venue and lack of personal jurisdiction is GRANTED.   It is ORDERED that all of plaintiff's claims are DISMISSED, but without prejudice to plaintiff's right to refile those claims in the District Court in Stearns County, Minnesota.  Costs incurred herein are taxed to plaintiff.  The Clerk is directed to close this file.

DONE this 22nd day of November, 2011.

_____
United States District Judge